J-S01023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| EDWIN JOSE MORA | : | |
| Appellant | : | No. 503 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 6, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002060-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| EDWIN JOSE MORA | : | |
| Appellant | : | No. 505 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 6, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002851-2023

BEFORE:  NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                      **FILED: JUNE 25, 2025**

Appellant, Edwin Jose Mora, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his bench trial convictions for failing to register as a sex offender.[1]  For the following reasons,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4915.2(a)(1).

we reverse Appellant's convictions and vacate his judgment of sentence.

The relevant facts and procedural history of this case are as follows. On January 26, 2022, Appellant was charged at docket No. 2060-2022 with failing to register as a sex offender based on his 1998 conviction in New Jersey for endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4A. On August 8, 2022, Appellant filed an omnibus pretrial motion to dismiss, arguing that he was not required to register as a sex offender in Pennsylvania. The court held a hearing on November 22, 2022, and took the matter under advisement. On March 20, 2023, the court entered an order ruling that Appellant was subject to lifetime sex offender registration in New Jersey, and therefore, was also required to register in Pennsylvania for life. As such, the court denied Appellant's omnibus pretrial motion to dismiss. Appellant filed a motion for reconsideration, which the court denied on April 5, 2023.

On April 13, 2023, Appellant was charged at docket No. 2851-2023 with failing to register as a sex offender based on the same 1998 New Jersey conviction. On July 26, 2023, Appellant filed an omnibus pretrial motion to dismiss, again arguing that he should not be required to register as a sex offender in Pennsylvania. On September 8, 2023, the court conducted a hearing on the omnibus pretrial motion and took the matter under advisement. On October 30, 2023, the court issued an order and opinion denying Appellant's motion.

The case proceeded to a stipulated bench trial concerning both cases on

January 17, 2024. The court found Appellant guilty of failure to register at both underlying dockets. On March 6, 2024, the court sentenced Appellant to 2½ to 5 years' incarceration at docket No. 2060-2022, and imposed a concurrent term of 5 to 10 years' incarceration at docket No. 2851-2023.[2] Appellant filed timely notices of appeal at each underlying docket on April 4, 2024.[3]

Appellant raises the following issue on appeal:

> Where the New Jersey conviction purportedly obligating [Appellant] to register as a sex offender was for an offense that is not similar to an offense requiring registration under Pennsylvania's Subchapter I registration scheme, should [Appellant]'s convictions and judgments of sentence be vacated either due to insufficiency of the evidence or the erroneous denial of his motions to dismiss?

(Appellant's Brief at 4).

Appellant contends the Commonwealth failed to prove that Appellant was subject to registration requirements in Pennsylvania. Relying on *Commonwealth v. Crenshaw*, 306 A.3d 383 (Pa.Super. 2023), Appellant argues that the statute under which he was allegedly required to register, Section 9799.56(b)(4)(v), had two requirements that needed to be met for an

---

[2] On April 15, 2024, following the Commonwealth's motion to amend sentence, the trial court issued an order amending Appellant's sentence, by imposing an additional 12 months' consecutive re-entry supervision to the sentence originally imposed, in accordance with 61 Pa.C.S.A. § 6137.2(b).

[3] This Court *sua sponte* consolidated Appellant's appeals on May 7, 2024.

individual's out-of-state passive notification requirements[4] to trigger registration requirements in Pennsylvania. First, Appellant claims that the trial court erred by finding that the passive notification requirements that he was subject to in New Jersey met the statutory definition of "passive notification" for purposes of Pennsylvania law. Appellant challenges the court's determination that he was subject to passive notification requirements in New Jersey because members of law enforcement were able to access his registration information. Rather, Appellant maintains that under **Crenshaw**, an individual is subject to passive notification only if **members of the public** had access to the offender's registration information.

Second, Appellant insists that the trial court erred by failing to consider whether his conviction for endangering the welfare of a child in New Jersey was similar to an offense listed in Section 9799.55. Appellant maintains that because the New Jersey statute at issue allows a conviction for either 1) sexual conduct which would impair or debauch the morals of the child, or 2) harm that would make the child an abused or neglected child, the offense can be based on wholly nonsexual conduct, such that it is not similar to an offense listed in Section 9799.55. Moreover, even if the statute is divisible, Appellant explains that the Commonwealth did not introduce any specific evidence establishing that Appellant was convicted of the portion of the New Jersey

_____

[4] We explain passive notification requirements in more detail **infra**.

statute that dealt with conduct of a sexual nature. Appellant concludes that his convictions for failure to register are infirm on these grounds, and this Court must grant relief. We agree that relief is due.[5]

Appellant's issue implicates statutory interpretation, for which our standard of review is *de novo*, and our scope of review is plenary. ***Crenshaw, supra*** at 387.

> "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.[A.] § 1921(a). "The plain language of the statute is the best indicator of the legislature's intent. To ascertain the plain meaning, we consider the operative statutory language in context and give words and phrases their common and approved usage." ***Commonwealth v. Chesapeake Energy Corp.***, 665 Pa. 2, 247 A.3d 934, 942 (2021).
>
> Further, we must give effect and ascribe meaning to each word and provision chosen by our legislature, assuming none is mere surplusage. ***See, e.g., Commonwealth v. McClelland***, 660 Pa. 81, 233 A.3d 717, 734 (2020) ("Some meaning must be ascribed to every word in a statute ... and there is a presumption that disfavors interpreting language as mere surplusage."); 1 Pa.C.S.[A.] § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions.").

***Id.*** at 387-88.

The Crimes Code defines the offense of failure to register as follows:

**§ 4915.2. Failure to comply with 42 Pa.C.S. Ch. 97 Subch. I registration requirements**

---

[5] We note that the Commonwealth admits ***Crenshaw*** is dispositive of this appeal in Appellant's favor. As such, the Commonwealth declined to file a brief on appeal. (***See*** Commonwealth's Letter, filed 11/4/24, at 1).

- 5 -

**(a) Offense defined.**—An individual who is subject to registration under 42 Pa.C.S. § 9799.55(a), (a.1), or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to:

(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.56 (relating to registration procedures and applicability);

(2) verify the individual's residence or be photographed as required under 42 Pa.C.S. § 9799.60 (relating to verification of residence); or

(3) provide accurate information when registering under 42 Pa.C.S. § 9799.56 or verifying a residence under 42 Pa.C.S. § 9799.60.

18 Pa.C.S.A. § 4915.2(a).  Hence, in order to convict Appellant of violating Section 4915.2, the Commonwealth was required to prove that Appellant: "(1) [was] subject to registration under [Section 9799.55] and (2) knowingly (3) either failed to follow a registration procedure specified in [Section 9799.56] or [Section 9799.60] or gave inaccurate information when [he] did not follow the procedure."  ***Crenshaw, supra*** at 388 (internal footnote omitted).

By way of background, Subchapter I of [the Sexual Offender Registration and Notification Act ("SORNA")] was enacted in 2018 to prescribe registration requirements for sexual offenders who, because they committed their offenses before December 20, 2012, could not be subject to the punitive requirements of the original version of SORNA that is now codified in Subchapter H.  Within Subchapter I, [Section 9799.54] ("Applicability") indicates who must register, [Section 9799.55] ("Registration") sets forth the offenses that trigger a reporting requirement, and [Section 9799.56] ("Procedures and applicability") details the timing and length of registration.  All three statutes contain provisions specific to individuals whose offenses were

committed outside of this Commonwealth.

*Id.* at 388 (internal footnote omitted).

In relevant part, Section 9799.54 of Subchapter I provides:

**§ 9799.54.  Applicability**

**(a) Registration.**—The following individuals shall register with the Pennsylvania State Police as provided in this subchapter:

* * *

(4) An individual who was convicted of an offense similar to an offense set forth in section 9799.55 under the laws of ... another state ... and who, as of February 21, 2018, has not completed registration requirements.  The period of registration shall be as set forth in section 9799.56(b)(4) (relating to registration procedures and applicability) less any credit for time spent on a sexual offender registry of ... another state ... or with the Pennsylvania State Police prior to February 21, 2018.

42 Pa.C.S.A. § 9799.54(a)(4).  Section 9799.55 goes on to set forth the various crimes that are considered registrable offenses in Pennsylvania and the length of registration associated with those offenses.  Specifically, subsections (a) and (b) detail which crimes carry ten-year or lifetime registration periods.  *See* 42 Pa.C.S.A. § 9799.55(a), (b).[6]  Additionally, and

---

[6]  Section 9799.55(a) provides that individuals convicted in this Commonwealth of the following offenses are subject to a ten-year registration: 18 Pa.C.S.A. § 2901 (relating to kidnapping) where the victim is a minor; 18 Pa.C.S.A. § 3126 (relating to indecent assault) where the offense is graded as a misdemeanor of the first degree or higher; 18 Pa.C.S.A. § 4302 (relating to incest) where the victim is 12 years of age or older but under 18 years of age; 18 Pa.C.S.A. § 5902(b) or (b.1) (relating to prostitution and related offenses) where the actor promotes the prostitution of a minor; 18
*(Footnote Continued Next Page)*

relevant to this appeal, Section 9799.55(a.1) provides an exception to the ten-year registration requirement described in subsection (a) for "an individual considered to be an offender under [Section 9799.56(b)] (relating to registration procedures and applicability) [and states that he] shall be required to register with the Pennsylvania State Police for a period less than life, the duration of which is to be determined under [Section 9799.54] (relating to applicability) and [Section 9799.56(b)]." **Crenshaw, supra** at 389. **See also** 42 Pa.C.S.A. § 9799.55(a.1). In other words, "[Section 9799.55] stipulates that people who, in a different jurisdiction, committed or attempted to commit offenses similar to those enumerated in [Section 9799.55(a)] are generally subject to a ten-year registration requirement, **but**

_____

Pa.C.S.A. § 5903(a)(3), (4), (5) or (6) (relating to obscene and other sexual materials and performances) where the victim is a minor; 18 Pa.C.S.A. § 6312 (relating to sexual abuse of children); 18 Pa.C.S.A. § 6318 (relating to unlawful contact with minor); 18 Pa.C.S.A. § 6320 (relating to sexual exploitation of children). 42 Pa.C.S.A. 9799.55(a). The statute further requires ten-year registration for individuals who currently have a residence in Pennsylvania who have been convicted of offenses similar to those described in this subsection under the laws of another state. **See** 42 Pa.C.S.A. § 9799.55(a)(3).

Section 9799.55(b) provides that individuals convicted in this Commonwealth of the following offenses are subject to lifetime registration: 18 Pa.C.S.A. § 3121 (relating to rape); 18 Pa.C.S.A. § 3123 (relating to involuntary deviate sexual intercourse); 18 Pa.C.S.A. § 3124.1 (relating to sexual assault); 18 Pa.C.S.A. § 3125 (relating to aggravated indecent assault); or 18 Pa.C.S.A. § 4302 (relating to incest) when the victim is under 12 years of age. 42 Pa.C.S.A. § 9799.55(b). The statute further requires lifetime registration for individuals convicted of offenses similar to the crimes described in this subsection under the laws of another state. **See** 42 Pa.C.S.A. § 9799.55(b)(2)(ii).

**if they are classified as an offender under [Section 9799.56(b)], the duration of their registration is established by [Section 9799.54 and 9799.56(b)].**" ***Crenshaw, supra*** (emphasis added).

Section 9799.56(b)(4) provides, in relevant part:

**§ 9799.56. Registration procedures and applicability**

\*    \*    \*

**(b) Individuals convicted or sentenced by a court or adjudicated delinquent in jurisdictions outside this Commonwealth or sentenced by court martial.**—

\*    \*    \*

(4) An individual who has a residence, is employed or is a student in this Commonwealth and who has been convicted of or sentenced by a court or court martialed for a sexually violent offense or a similar offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation, or who was required to register under a sexual offender statute in the jurisdiction where convicted, sentenced or court martialed, shall register at an approved registration site within three business days of the individual's arrival in this Commonwealth. The provisions of this subchapter shall apply to the individual as follows:

\*    \*    \*

(v) Except as provided in subparagraphs (i), (ii), (iii) and (iv), **if the individual is subject to passive notification in the other jurisdiction** or subject to passive notification by reason of court martial, the individual shall, notwithstanding section 9799.53, be considered an offender and subject to this section and sections 9799.60 and 9799.63(c)(2). **The individual shall be subject to this subchapter for a period of time equal to the time for which the individual was required to register in the other jurisdiction** or required to register by reason of court martial, less

- 9 -

> any credit due to the individual as a result of prior compliance with registration requirements.

42 Pa.C.S.A. § 9799.56(b)(4)(v) (emphasis added).

Section 9799.53 defines "passive notification" as follows:

> **"Passive notification."** Notification in accordance with section 9799.63 (relating to information made available on Internet and electronic notification) **or a process whereby persons**, under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation, **are able to access information pertaining to an individual as a result of the individual having been convicted or sentenced by a court for an offense similar to an offense listed in section 9799.55** (relating to registration).

42 Pa.C.S.A. § 9799.53 (emphasis added).[7]

In ***Crenshaw, supra***, this Court considered whether the appellants' convictions pursuant to a North Carolina statute proscribing taking incident liberties with children obligated them to register under Subchapter I of SORNA.[8] Therein, the appellants' "convictions obligated them to register in

---

[7] By contrast, "active notification," a term used elsewhere in the statute, is defined as "notification in accordance with [Section 9799.62] (relating to other notification) or a process whereby law enforcement, pursuant to the laws of … another state … notifies persons in the community in which the individual resides, including a person identified in [Section 9799.62(b)], of the residence, employment or school location of the individual." ***Crenshaw, supra*** at 391 (quoting 42 Pa.C.S.A. § 9799.53).

[8] By way of background, ***Crenshaw*** involves two unrelated appellants. Appellant Crenshaw committed the offense of taking indecent liberties with children in North Carolina on July 30, 1993. He was sentenced in September 1994 to 3 to 10 years' imprisonment. Upon release in 2002, Crenshaw was

*(Footnote Continued Next Page)*

North Carolina for thirty years upon their release from confinement and resulted in their registration information being made available for public inspection." *Id.* at 391.

This Court analyzed whether the appellants were subject to registration in Pennsylvania under Section 9799.56(b)(4)(v), and explained:

> [B]y the statutory definition of the term, Appellants were subject to passive notification in North Carolina **only if members of the public had access to their registration information "as a result of … having been convicted or sentenced by a court for an offense similar to an offense listed in [Section 9799.55.]"** 42 Pa.C.S.[A.] § 9799.53. Thus, unless the indecent liberties offense is equivalent or similar to an offense listed in [Section 9799.55], [Section 9799.56(b)(4)] did not create a registration obligation.

*Crenshaw, supra* at 391 (internal footnote omitted) (emphasis added).

Thus, the *Crenshaw* Court stated that "in order for [Section

_____

subject to North Carolina's 30-year registration requirement. Crenshaw subsequently relocated to Pennsylvania, and although he initially registered in Pennsylvania, he failed to register in 2018 and 2019. *See Crenshaw, supra* at 386.

Appellant McBride was convicted in North Carolina in 2011 of taking indecent liberties with children, sentenced to 19 to 23 months' imprisonment, and was also required to register for 30 years under North Carolina law. In August 2014, McBride moved to Pennsylvania. Although McBride initially registered, McBride subsequently failed to report a change of address. Following an arrest for failing to report his change of address, McBride also failed to update his residency after his release from jail. *See id.*

Both appellants in *Crenshaw* were charged with failure to register, unsuccessfully filed motions to dismiss claiming that they were not subject to registration requirements in Pennsylvania, were ultimately convicted, and timely appealed. This Court consolidated the appeals *sua sponte*.

- 11 -

9799.56(b)(4)(v)] to impose a duty on [a]ppellants to register, their North Carolina convictions that triggered notification in that jurisdiction must be similar to an enumerated [Section 9799.55] offense." ***Crenshaw, supra*** at 392. This Court continued:

> In sum, the import of the statutes at issue is as follows. If Appellants' convictions for taking indecent liberties with children are "similar to" any offenses enumerated in [Section 9799.55](a)(1) or (2), then [Section 9799.55(a)(3)] required them to register in Pennsylvania for ten years. If the information about [a]ppellants that was available to the public in North Carolina by the above-described passive means resulted from those "similar" convictions, then [Section 9799.55(a.1)] extended the duration of the registration to the thirty years imposed by North Carolina law. However, if taking indecent liberties with children is not "similar to" or "an equivalent" of any offense included in [Section 9799.55(a)(1) or (2)], then [a]ppellants had no duty to register in Pennsylvania under [Section 9799.55], and their [Section] 4915.2 criminal convictions for failing to register are invalid. Consequently, resolution of these appeals requires us to determine whether such similarity exists.

***Id.*** at 392 (internal footnote omitted). Ultimately, the ***Crenshaw*** Court held that the appellants' North Carolina convictions for taking indecent liberties with children were not similar to convictions for indecent assault for purposes of Subchapter I of SORNA. ***Id.*** at 397. Therefore, this Court held that the appellants had no obligation to register in Pennsylvania and could not be convicted under Section 4915.2 for failing to do so. ***See id.***

Turning to the facts at issue in this appeal, Appellant was convicted in New Jersey of endangering the welfare of a child, in violation of N.J.S.A.

- 12 -

2C:24-4a.[9]  The record establishes that the New Jersey conviction subjected

Appellant to tier one lifetime registration requirements in New Jersey.  (Trial

Court Order, 3/20/23, at 2; Trial Court Order, 10/30/23, at 1).  Under New

Jersey's registration procedures, as a tier one offender, Appellant was **not**

subject to community notification and his information was not included in New

Jersey's online registration system for public access.  (**See** N.T. Hearing,

11/22/22, at 3-5; N.T. Trial, 9/28/23, at 6, 8; Commonwealth's Memorandum

of Law, 9/26/23, at 1).

In deciding Appellant was required to register in Pennsylvania, the trial

court explained its reasoning as follows:

> [Appellant's] registration requirements under New Jersey
> law fall within the scope of passive notification under 18
> Pa.C.S.[A.] 9799.53 and 9799.56(b)(v).  Under the latter of

---

[9] The New Jersey offense of endangering the welfare of a child is defined as follows:

> (1) Any person having a legal duty for the care of a child or
> who has assumed responsibility for the care of a child who
> engages in sexual conduct which would impair or debauch
> the morals of a child is guilty of a crime.

> (2) Any person having a legal duty for the care of a child or
> who has assumed responsibility for the care of a child who
> causes the child harm that would make the child an abused
> or neglected child as defined in R.S.9:6-1, R.S.9:6-3, and
> section 1 of P.L.1974, c. 119 (C.9:6-8.21) is guilty of a crime
> of the second degree.  Any other person who engages in
> conduct or who causes harm as described in this paragraph
> to a child is guilty of a crime of the third degree.

N.J.S.A. 2C:24-4a.

these, [Appellant] is required to register for a time period equal to his registration requirement in New Jersey, which is a lifetime registration requirement. Therefore, [Appellant] is required to register in Pennsylvania for life….

We do not base this decision on the "equivalent offense" registration scheme, and do not need to reach the determination of whether or not [Appellant] has been properly attributed an equivalent offense.

(Opinion Denying Omnibus Pretrial Motion, 10/30/23, at 2).

We cannot agree with the trial court's analysis. In **Crenshaw**, this Court made clear that pursuant to the definition set forth in Section 9799.53, an individual is subject to passive notification requirements "only if **members of the public** had access to their registration information." **Crenshaw, supra** at 391 (emphasis added). Here, the record reveals that Appellant's New Jersey registration was accessible only to members of **law enforcement**, not the general public. (**See** N.T. Hearing, 9/28/23, at 6; Commonwealth Memorandum of Law, 9/26/23, at 1) (conceding that Appellant's "information was not included in the state's online registration website for public access"); **id.** at 6-7 (arguing that law enforcement officers were able to access Appellant's information as result of New Jersey conviction and "law enforcement officers are persons falling within the definition of passive registration"). Accordingly, Appellant was not subject to "passive notification" in New Jersey to trigger his registration requirements as a sex offender in Pennsylvania under Section 9799.56(b)(4)(v).

Furthermore, by statutory definition, Appellant could have only been

subject to passive notification in New Jersey if members of the public had access to his registration information "as a result of … having been convicted or sentenced by a court for an offense similar to an offense listed in [Section 9799.55]." **Crenshaw, supra** at 392 (citing 42 Pa.C.S.A. § 9799.53). Therefore, the trial court further erred by declining to decide whether Appellant's New Jersey conviction was similar to an offense listed in Section 9799.55. **See id.** (stating "if our legislature intended to mandate registration for all Pennsylvania residents subject to passive notification in another jurisdiction regardless of the similarity of the offense to an enumerated Pennsylvania offense, it would have omitted the similarity element from the passive notification definition as it did with the definition of active notification. It did not. Therefore, in order for [Section 9799.56(b)(4)(v)] to impose a duty on [a]ppellants to register, their North Carolina convictions that triggered notification in that jurisdiction must be similar to an enumerated [Section 9799.55] offense").

On this record, the Commonwealth failed to prove that Appellant's out-of-state conviction required him to register in Pennsylvania under Section 9799.56(b)(4)(v). **See** 18 Pa.C.S.A. § 4915.2(a); 42 Pa.C.S.A. §§ 9799.55(a.1); 9799.56(b)(4)(v); **Crenshaw, supra**. Therefore, Appellant's convictions for failure to register are infirm, and we reverse Appellant's convictions and vacate his judgment of sentence at each underlying docket.

Convictions reversed.  Judgment of sentence vacated.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2025